
FILED
2009 Sep-22 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHILIP NICHOLS, et al., | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| vs. | ] 2:09-CV-00840-LSC |
| | ] |
| JOHN HANCOCK LIFE INS. CO., | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.     Introduction.

The Court has for consideration a motion to dismiss, which was filed by the defendant, John Hancock Life Insurance Company (U.S.A.) ("Hancock"), improperly identified in the complaint as John Hancock Life Insurance Company. (Doc. 8.) Plaintiff, Philip Nichols, sued Hancock individually, and as a representative of the plaintiff class, for breach of contract. Plaintiff maintains that he is the owner of a Venture Vantage annuity issued by Hancock; the annuity contract provides that a mortality charge will be collected in exchange for providing a death benefit; and Hancock breached the contract by collecting a mortality charge when there is no death benefit provided in the annuity.

(Complaint ¶¶ 1, 11-13.)  Defendant moved to dismiss the complaint for failure to state a claim.  The issues raised in the motion have been briefed by the parties and are ripe for review.  Upon full consideration, Defendant's motion will be granted.

II. Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level,  on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127

S.Ct. 1955, 1964-65 (2007)(internal citations omitted).[1] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies

---

[1] The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*. *See Bell Atl. Corp.*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S.Ct. at 1960.

upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

III.    Analysis.

Defendant argues in its motion that Plaintiff's complaint fails to state a claim because: (1) Plaintiff has not sufficiently alleged nonperformance under the contract at issue; (2) injunctions cannot be issued for only economic harm; (3) Plaintiff's claim is preempted by the National Securities Markets Improvement Act of 1966; (4) Plaintiff's claim is precluded by the Securities Litigation Uniform Standards Act of 1998; and (5) this Court should refer the case to the United States Securities and Exchange Commission.  (Docs. 8, 9.)

Plaintiff did not attach a copy of the Venture Vanguard annuity contract at issue ("the Contract") to his complaint.  In fact, he concedes that he did not have a copy of the Contract when he filed this lawsuit.  (Doc. 13 at 1 n.1.)  However, as support for its contention that Plaintiff has not alleged the nonperformance necessary to state a claim, Hancock filed a copy of the Contract with its motion to dismiss.  (Doc. 10, Ex. 1(hereinafter, "Contract").)

"Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Brooks*, 116 at 1368). An exception exists, however, when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999); *Brooks*, 116 F.3d at 1368-69). In these circumstances, the document becomes a part of the pleadings. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), *quoted in Brooks*, 116 F.3d at 1369. And, "[w]here there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Tucker v. Nat'l Linen Service Corp.*, 200 F.2d 858, 864 (5th Cir. 1953).[2] Here, Plaintiff's claim is that Hancock breached the Contract; therefore, the document is undisputedly central to this action. Plaintiff references the Contract in the complaint, and he has not challenged the contents of the document or disputed its authenticity. The

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Court concludes, then, that it is proper to consider the Contract when ruling on Defendant's motion to dismiss, and conversion to summary judgment proceedings is unnecessary.[3]

Upon review of the Contract, it is evident that there are no provisions that a mortality charge or any fee would be collected in exchange for a death benefit. Nothing in the Contract ties any fee solely to the guarantee of a death benefit. Rather, the Contract states that an "asset fee," will be deducted "[t]o compensate [Hancock] for assuming mortality and expense risks, and certain administration expenses . . . . A portion of this Asset Fee may also be used to reimburse [Hancock] for distribution expenses." (Contract at 12.) And, nothing in the Contract supports Plaintiff's assertions that mortality risk only includes the risk predicated on the award of a death benefit. In fact, when confronted with the Contract, Plaintiff cannot indicate where in the Contract it states that a "mortality charge" will be assessed only when a death benefit is provided.

---

[3]The May 2007 Venture Vantage Prospectus excerpt, also attached to Defendant's motion to dismiss (Doc. 10, Ex. 2), has not been shown by either party to meet the considerations outlined in *Financial Security Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276 (11th Cir. 2007); therefore, the prospectus was not considered. The Court notes, however, that consideration of the document would not have changed the outcome of this opinion.

Plaintiff does not dispute that the Contract is governed by Tennessee state law.[4] Therefore, to state a claim for breach of contract, Plaintiff must allege sufficient facts showing: "1) the existence of an enforceable contract, 2) nonperformance amounting to a breach of the contract, and 3) damages caused by the breach of contract." *Wooten Tractor Co., Inc. v. Arcon of Tenn., L.L.C.*, 2009 WL 1492227 at *5 (Tenn. Ct. App. May 28, 2009) (citing *BankCorp S. Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006)). In light of the plain language of the Contract itself, Plaintiff has failed to allege facts establishing nonperformance amounting to a breach of the Contract. Therefore, this action must be dismissed.

IV.   Conclusion.

For the reasons stated above, Defendant's motion to dismiss will be granted. A separate order will be entered.

Done this 22nd day of September 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297

---

[4]*See* Contract at 4 and Specifications Page.